UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **GREGORY JEROME CULVER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0271 AS |
| | ) | |
| **SUPERINTENDENT, Miami** | ) | |
| **Correctional Facility,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 24, 2006, *pro se* petitioner, Gregory Jerome Culver, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on October 16, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The state court record has been filed on October 20, 2006 and has been examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293 (1963). The petitioner filed a Traverse on January 4, 2007, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. The criminal sentences involved here emanated from the state courts in Lake County, Indiana. For ease of reference, the memorandum opinion entered by the Court of

Appeals of Indiana on December 28, 2005 is set out in full as Appendix "A" hereto and incorporated herein. The Supreme Court of Indiana denied transfer on March 16, 2006.

Certainly the decision of the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. It is correct that on July 24, 2003, this petitioner with counsel entered a plea of guilty but mentally ill to aggravated battery, and there was an agreement which called for the state to dismiss an attempted murder charge which also alleged this petitioner to be a habitual offender. The time for taking a direct appeal to the Supreme Court or Court of Appeals of Indiana expired on August 24, 2003.

Thereafter on June 3, 2004, this petitioner filed for relief in the state trial court, and that petition was denied on August 14, 2005. The issues raised there are apparent from a facial reading of the decision of the Court of Appeals of Indiana entered December 28, 2005 as referred to in Appendix "A".

As a condition precedent to seeking relief in a federal court under 28 U.S.C. §2254, the petitioner must have presented a claim to the state's highest court under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The issue of fairly presenting the claims that are presented here. *See Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992), and *Zellers v. Duckworth,* 763 F.2d 250 (7th Cir. 1985), *cert. denied,* 474 U.S. 952 (1985). *See also Riggins v. McGinnis*, 50 F.3d 497 (7th Cir. 1995) and *Jenkins v. Gramley*, 8 F.3d

2

505 (7th Cir. 1993).

The test appears to be that the state judge could grasp the substance of the issue and its foundation in federal law. *See Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 347 (2004). With regard to effective assistance of counsel under the basic decision of *Strickland v. Washington*, 466 U.S. 668 (1984), see more recently in this circuit *Davis v. VanNatta*, 438 F.3d 707 (7th Cir. 2006). *See also Richardson v. United States*, 379 F.3d 485 (7th Cir. 2004).

Given the factual setting of *Burt v. Uchtman*, 422 F.3d 557 (7th Cir. 2005), it is doubtful whether the procedures in that capital murder were constitutionally <u>required</u> in this proceeding. While a competency determination might have involved a better practice, it is not constitutionally required here. The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

It is of some moment that the principal authorities cited by this petitioner are Indiana cases with the exception of *Ake v. Oklahoma*, 470 U.S. 68 (1985) which involved death penalty issues. It is correct that this petitioner also cites *United States v. Chronic*, 466 U.S. 658 (1984) which the Court of Appeals also considered in *Davis*. *Davis* fails to find the

applicability of so-called *Chronic* exceptions.  Given the standards that apply in this federal court under 28 U.S.C. §2254, this petitioner has failed to demonstrate entitlement to relief under §2254 and such is now **DENIED**.  **IT IS SO ORDERED**.

   **DATED:**  January 9, 2007

                                                                          S/ ALLEN SHARP
                                                          **ALLEN SHARP, JUDGE**
                                                          **UNITED STATES DISTRICT COURT**